1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

| | |
|---|---|
| Jayson Monroe, | ) No.  CV 12-00757-PHX-SRB (SPL) |
| | ) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Dennis R. Smith, | ) |
| | ) |
| Respondent. | ) |
| | ) |

15

**TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:**

16
17
18
19
20

Pending before the Court is Petitioner Jayson Monroe's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).  In an Order (Doc. 5) filed on May 16, 2012, the District Court Judge reviewed the petition and directed Respondent to file an answer.  Respondent filed an Answer to the Petition for Writ of Habeas Corpus (Doc. 11-1, Doc. 14) on June 29, 2012.

21

## BACKGROUND

22
23
24
25
26
27

On or about September 29, 2010, Petitioner was incarcerated at the Federal Correctional Institution (FCI) in Phoenix, Arizona. (Doc. 2 at 2). Petitioner is serving a sentence of 60 months imprisonment for a conviction in the United States District Court for the Eastern District of Missouri of Felon in Possession of a Firearm, Wire Fraud, and Money Laundering. (Doc. 11-2).

On October 28, 2011, Petitioner was charged with a violation of Code 296, Use

28

1    of the Mail for Abuses other than Criminal Activity. (Doc. 2 at 11, Doc. 11-4). On
2    November 2, 2011, Petitioner appeared before the United Disciplinary Committee
3    (UDC). After a hearing and upon review of the incident report, the UDC referred the
4    charge to a Disciplinary Hearing Officer (DHO) for a further hearing. (Doc. 11-5). On
5    November 3, 2011, a hearing was held before Curtis Cole, an Alternate DHO. DHO Cole
6    found that Petitioner committed the prohibited act. Petitioner was sanctioned 14 days
7    good time credit, and 90 days of e-mail restrictions. (Doc. 2, Doc. 11-4).
8        Petitioner filed an administrative appeal, and on November 30, 2011, a Regional
9    Director denied Petitioner's appeal. (Doc. 2 at 16, Doc. 11-3). Petitioner filed an appeal
10   of that decision with the Central Office in December of 2011, which was also denied.
11   (Doc. 1 at 2, Doc. 11-3). Petitioner filed the instant habeas petition on April 10, 2012.
12   (Doc. 1).  He also filed a Brief and Affidavit in support of his petition. (Doc. 2).

**DISCUSSION**

13
14       Petitioner alleges that his prison disciplinary proceeding, which resulted in the loss
15   of good time credits, violated his constitutional right to due process. Specifically,
16   Petitioner alleges that the DHO who conducted his disciplining hearing on November 3,
17   2011, was untrained and uncertified, and that such form of arbitrary decisionmaking
18   violated his due process rights. Petitioner seeks restoration of the lost good time credits
19   and expungement of the infraction from his record.

20   **A.    Legal Standard**

21       A federal prisoner may seek a writ of habeas corpus to challenge the manner of
22   execution of his sentence pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204
23   F.3d 861, 864 (9th Cir. 2000). For example, habeas corpus jurisdiction is available under
24   28 U.S.C. § 2241 for a prisoner's claims that he has been denied good time credits
25   without due process of law. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)
26   (citing Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973)). Habeas corpus jurisdiction
27   also exists when a petitioner seeks expungement of a disciplinary finding from his record
28

1    if expungement is likely to accelerate the prisoner's eligibility for parole. Id. (citations
2    omitted).

3           It is well-established that "[a] due process claim is cognizable only if there is a
4    recognized liberty or property interest at stake." Schroeder v. McDonald, 55 F.3d 454,
5    462 (9th Cir. 1995) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972)).
6    Constitutionally protected liberty interests for prisoners require an "atypical, significant
7    deprivation" or a deprivation that "will inevitably affect the duration of [their] sentence."
8    Sandin v. Connor, 515 U.S. 472, 486-87 (1995).  Although the Constitution itself does
9    not create a liberty interest in credit for good behavior, a statutory system authorizing
10   good time credits creates such an interest in the shortened prison sentence that results
11   from those credits. Sandin, 515 U.S. at 477-78 (citing Wolff v. McDonnell, 418 U.S. 539,
12   557 (1974)). The minimum requirements of procedural due process must therefore be
13   observed to protect this interest. Wolff, 418 U.S. at 558.

14          Procedural due process safeguards in prison disciplinary proceedings require that
15   the prisoner receive: (1) written notice of the charges, no less than twenty-four hours
16   prior to the hearing; (2) a written statement by the factfinders as to the evidence relied on
17   and reasons for the disciplinary action and (3) a limited right to call witnesses and present
18   documentary evidence when it would not be unduly hazardous to institutional safety or
19   correctional goals to allow the defendant to do so. Wolff v. McDonnell, 418 U.S. 539,
20   564-66 (1974). While not an express holding, the Wolff Court also implied that a fair
21   hearing requires an impartial decisionmaker. Id. at 570-71. Moreover, the minimum
22   requirements of procedural due process do not permit the revocation of good time credits
23   unless the disciplinary officer's findings are supported by "some evidence" in the record.
24   Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985).

25   **B.      Analysis**

26          Petitioner argues that DHO Cole was untrained and uncertified at the time of his
27   disciplinary hearing, which violated his due process rights. The Court need not reach the
28

3

1   issue as to whether Petitioner was entitled to a hearing before a *certified* DHO, because

2   Petitioner's contention is unsupported.  Attached to its answer, Respondent has submitted

3   a Declaration of Curtis Cole and a copy a Certificate of Completion. (Doc. 11-6, Doc. 11-

4   7). This evidence reflects that Curtis Cole received certification as a DHO on August 4,

5   2011, approximately three months prior to Petitioner's disciplinary hearing. (Id.).

6   Petitioner has not filed a reply in the instant action. Absent any support for Petitioner's

7   claim beyond his own refuted statement, the Court will recommend that it be rejected.

8          Furthermore, Petitioner's disciplinary hearing otherwise comported with due

9   process standards. Petitioner was provided with written notice of the charged violation on

10  October 28, 2011, several days prior to his hearing. (Doc. 11-5). Petitioner was advised

11  of his right to have a staff representative appear on his behalf, to call witnesses, and to

12  present documentary evidence at his hearing. Petitioner waived those rights. (Doc. 11-4).

13  There are no facts in the record which indicate that DHO Cole was not an impartial

14  decisionmaker. Petitioner was provided with a written statement as to reasons for the

15  disciplinary action. (Doc. 11-4). Lastly, DHO Cole's conclusions were supported by

16  "some evidence" in the record. DHO Cole supported his findings that Petitioner

17  committed the prohibited act and decision to impose sanctions by citing to an account of

18  a staff member who monitored the institutional inmate emails, and reported specific

19  instances in which Petitioner was writing unauthorized email messages to other inmates.

20  DHO Cole further cited Petitioner's admissions at the disciplinary hearing. Although

21  Petitioner contended that he did not know that his actions were prohibited, he stated that

22  he committed the violation charged. (Doc. 11-4).

23  **C.     Conclusion**

24         Upon consideration of the Petition for Writ of Habeas Corpus (Doc. 1), the Court

25  finds that Petitioner has failed to establish a denial of due process. Therefore, the Court

26  will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed.

27

28

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE.**

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties shall have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

Dated this 24th day of September, 2012.

Honorable Steven P. Logan
United States Magistrate Judge